Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

June 30, 2026

By ECF and Email
The Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Jakhi McCray, 26-CR-68 (ENV)

Dear Judge Vitaliano:

We write on behalf of Mr. McCray to respectfully request that his bond conditions be modified to permit him to be in New York City. Mr. McCray currently resides in New Jersey, with travel restricted to New York City for court and attorney visit purposes only. Mr. McCray seeks this modest modification so that he can attend Brooklyn College—where he was recently accepted—and work and participate in internships while attending school.

Mr. McCray was charged by complaint with arson in violation of 18 U.S.C. § 844(i), for setting fire to NYPD vehicles at an auxiliary lot in Brooklyn. He self-surrendered on July 21, 2025, was arraigned before Chief Magistrate Judge Vera M. Scanlon, and released on a $300,000 bond secured by property and co-signed by four sureties. In addition to the standard conditions, he is subject to location monitoring with a curfew. On April 8, 2026, Mr. McCray pled guilty to an information charging one count of arson. The government and Pretrial Services oppose the requested modification, presumably because the offense conduct occurred in New York City and involved NYPD vehicles.

Since his release on bail a year ago, Mr. McCray's conduct has been beyond reproach. He has complied fully with his conditions, including his location monitoring and curfew condition. He successfully completed a treatment program through a Pretrial Services provider, making great strides in his mental health. He reported to a case manager at CASES in Brooklyn on a weekly basis. He meets with his legal team in Manhattan and Brooklyn regularly. He has applied to numerous jobs and obtained several promising interviews in New York City. He received a significant grant for young artists. And remarkably, despite his pending federal case, Mr. McCray was enrolled full-time at Essex Community College and graduated last month with an

associate's degree. Now, he has been accepted into the four-year undergraduate program at Brooklyn College, as well as another CUNY school.

The requested bail modification is necessary so that Mr. McCray can continue to use his time positively and productively. He is thrilled to have been accepted into Brooklyn College, and is eager to continue working towards his bachelor's degree. *See* Ex. A (Brooklyn College Acceptance Email). He hopes to be able to complete another semester of college before sentencing, so that he can maintain his status at the school while serving his sentence. But that's not all Mr. McCray has going for him. He has been offered a position as a teaching assistant for an in-person literature course at Queens College. *See* Ex. B (Teaching Assistant Offer Letter). He has been accepted into Project Renewal's Next Step Internship Program, which starts on July 6 in New York City. *See* Ex. C (Internship Acceptance Letter). And he has been accepted into New York City-based programming for justice-involved young adults offered by the Youth Justice Network. *See* Ex. D (Youth Justice Letter of Recommendation). Mr. McCray also hopes to pursue more accessible employment opportunities in New York City. He does not have a car or drivers license, so New York City is far more conducive to finding, securing, and commuting to work. He has been invited to several job interviews, but was not permitted to go due to his travel restriction. And given his curfew condition, Mr. McCray has secured an apartment in Brooklyn with fellow students so that he can be close to work, school, and his programs.

The Court, of course, may at any time amend the bond to impose different conditions of release. *See* 18 U.S.C. § 3142(c)(3). The Court must at all times ensure that those conditions are the "least restrictive" that will reasonably assure appearance and the safety of the community. *See* 18 U.S.C. §§ 3142(c)(1)(B). Here, a year into Mr. McCray's release, with perfect compliance, the parsimony provision of the Bail Reform Act warrants permission to be in New York City. Mr. McCray is a 22 year-old young man with so much promise and potential. His arrest was a reality check for him. He has held himself accountable, and done everything in his power to use his time to better himself and his community. Should the Court grant the requested modification, Mr. McCray has every incentive to continue on his upward trajectory. We know he would never jeopardize his education, his work and internship opportunities, and his liberty.

We respectfully request the Court grant the proposed bond modification, permitting Mr. McCray to be in New York City. All other conditions of release would remain in place, including his electronic monitoring and curfew condition.

Thank you for your consideration of this request.

Respectfully Submitted,
/s/
Samuel Jacobson
Ronald Kuby
*Counsel to Jakhi McCray*

cc: all counsel of record (by ECF)
Pretrial Services (by Email)